IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CASSANDRA TERRANOVA, CHRISTY WAKE, and LORI DAVIS | : : : | Civil Action File No. |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| THE PUPPY PANTRY BOUTIQUE AND BARKERY, LLC, and ELIZABETH POUNDSTONE | : : : | |
| | : | |
| Defendants. | : | |

---

## COMPLAINT

Plaintiffs Cassandra Terranova ("Terranova"), Christy Wake ("Wake"), and Lori Davis ("Davis") (collectively "Plaintiffs") bring this Complaint against Defendants The Puppy Pantry Boutique and Barkery, LLC ("Puppy Pantry") and Elizabeth Poundstone ("Poundstone") (collectively "Defendants") and show the Court as follows:

## 1.  INTRODUCTION

1.

This is a wage and hour case arising from the Defendants classification of Plaintiffs as independent contractors.

2.

Puppy Pantry and Poundstone employed Plaintiffs as groomers. Although Plaintiffs regularly worked more than forty hours during each work week, Defendants failed to pay them an FLSA overtime premium for such overtime hours.

3.

Defendants misclassified Plaintiffs as independent contractors in their positions as groomers in order to evade the overtime pay provisions of the FLSA.

4.

In addition to their federal causes of action, Plaintiffs assert pendent state law claims to recover deductions that were made from their pay to cover the cost of Workers' Compensation insurance in violation of O.C.G.A. § 34-9-121 and the public policy of the State of Georgia.

5.

In addition, Terranova also asserts a pendent state law claim for breach of contract which arise out of the same set of operating facts as her federal claim.

(a) **Jurisdiction and Venue**

6.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

7.

This Court has supplemental jurisdiction over Plaintiffs' state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the State law claims are so related to the federal claims that they form part of the same case or controversy.

8.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Puppy Pantry is located within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**(b) The Parties**

9.

Terranova resides in Barrow County, Georgia.

10.

Wake resides in Barrow County, Georgia.

11.

Davis resides in Jackson County, Georgia.

12.

Puppy Pantry employed Terranova as a groomer from approximately December 2015 through July 24, 2021.

13.

At all times material hereto from August 2018 through July 24, 2021, Terranova has been an "employee" of Puppy Pantry as FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1), defines that term.

14.

Puppy Pantry employed Wake as a groomer from August 1, 2016 through the date of filing of the within Complaint.

15.

At all times material hereto during the three years preceding the filing of within Complaint, Wake has been an "employee" of Puppy Pantry as FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1), defined that term.

16.

Puppy Pantry employed Davis as a groomer from March 2018 through March 2020.

17.

At all times material hereto from August 2018 through March 2020, Davis has been an "employee" of Puppy Pantry as FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1), defined that term.

18.

Puppy Pantry is a domestic limited liability company organized under the laws of the State of Georgia.

19.

At all times material hereto, Puppy Pantry was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

20.

Puppy Pantry is subject to the personal jurisdiction of this Court.

21.

Puppy Pantry may be served with process through its registered agent Elizabeth Poundstone at 1943 Mineral Springs Road, Hoschton, Georgia 30548.

22.

At all times material hereto, Plaintiffs were "employees" of Poundstone as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

23.

Poundstone resides in Gwinnett County, Georgia.

24.

At all times material hereto, Poundstone was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

25.

Poundstone is subject to the personal jurisdiction of this Court.

26.

Poundstone may be served with process at 1943 Mineral Springs Road, Hoschton, Georgia 30548.

**(c) Individual Coverage**

27.

During all times relevant from August 2018 through July 24, 2021, Terranova was "engaged in commerce" as an employee of Puppy Pantry as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

28.

During all times relevant from August 2018 through the date of filing the within Complaint, Wake was "engaged in commerce" as an employee of Puppy Pantry as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

29.

During all times relevant from August 2018 through March 2020, Davis was "engaged in commerce" as an employee of Puppy Pantry as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**(d) Enterprise Coverage:**

30.

At all times during the period from August 2018 through August 2020 (hereinafter the "Relevant Time Period"), Puppy Pantry was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

31.

Throughout 2018, Puppy Pantry had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

32.

Throughout 2019, Puppy Pantry had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

33.

Throughout 2020, Puppy Pantry had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

34.

Throughout 2021, Puppy Pantry had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

35.

Throughout the Relevant Time Period, Plaintiffs and other employees of Puppy Pantry handled goods which moved in interstate commerce in the furtherance of the commercial purpose of Puppy Pantry including office furniture, office supplies, computers, phones, pet food, grooming equipment and grooming supplies.

36.

Throughout 2018, Puppy Pantry had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

37.

Throughout 2019, Puppy Pantry had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

38.

Throughout 2020, Puppy Pantry had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

39.

Throughout 2021, Puppy Pantry had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

40.

Throughout 2018, Puppy Pantry had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

41.

Throughout 2019, Puppy Pantry had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

42.

Throughout 2020, Puppy Pantry had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

43.

Throughout 2021, Puppy Pantry had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

44.

Throughout the Relevant Time Period, Puppy Pantry has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**(e) Statutory Employer**

45.

Throughout the Relevant Time Period, Poundstone was an owner and/or operator of Puppy Pantry.

46.

Throughout the Relevant Time Period, Poundstone exercised operational control over Plaintiffs' work activities.

47.

Throughout the Relevant Time Period, Poundstone was involved in the day-to-day operation of Puppy Pantry.

48.

Throughout the Relevant Time Period, Puppy Pantry vested Poundstone with supervisory authority over Plaintiffs.

49.

Throughout the Relevant Time Period, Poundstone exercised supervisory authority over Plaintiffs.

50.

Throughout the Relevant Time Period, Poundstone scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

51.

Throughout the Relevant Time Period, Poundstone exercised authority and supervision over Plaintiffs' compensation.

52.

Throughout the Relevant Time Period, Poundstone had the authority to discipline Plaintiffs, including terminating their employment at Puppy Pantry.

**(f) Lack of Exemption – Terranova**

53.

Throughout the Relevant Time Period, Terranova was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

54.

Throughout the Relevant Time Period, Terranova was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

55.

Throughout the Relevant Time Period, Puppy Pantry did not employ Terranova in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

56.

Throughout the Relevant Time Period, Puppy Pantry did not employ Terranova in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

57.

Throughout the Relevant Time Period, Puppy Pantry did not employ Terranova in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

58.

Throughout the Relevant Time Period, Terranova did not supervise two or more employees.

59.

Throughout the Relevant Time Period, Puppy Pantry did not employ Terranova in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

**(g) Lack of Exemption – Wake**

60.

Throughout the Relevant Time Period, Wake was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

61.

Throughout the Relevant Time Period, Wake was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

62.

Throughout the Relevant Time Period, Puppy Pantry did not employ Wake in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

63.

Throughout the Relevant Time Period, Puppy Pantry did not employ Wake in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

64.

Throughout the Relevant Time Period, Puppy Pantry did not employ Wake in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

65.

Throughout the Relevant Time Period, Wake did not supervise two or more employees.

66.

Throughout the Relevant Time Period, Puppy Pantry did not employ Wake in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

**(h) Lack of Exemption – Davis**

67.

Throughout the Relevant Time Period, Davis was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

68.

Throughout the Relevant Time Period, Davis was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

69.

Throughout the Relevant Time Period, Puppy Pantry did not employ Davis in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

70.

Throughout the Relevant Time Period, Puppy Pantry did not employ Davis in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

71.

Throughout the Relevant Time Period, Puppy Pantry did not employ Davis in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

72.

Throughout the Relevant Time Period, Davis did not supervise two or more employees.

73.

Throughout the Relevant Time Period, Puppy Pantry did not employ Davis in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

**(i) Misclassification As Independent Contractors**

74.

Throughout the Relevant Time Period, all of Plaintiffs' working efforts at Puppy Pantry were directed at serving Defendants' customers.

75.

Throughout the Relevant Time Period, Plaintiffs did not exercise independent business judgment in the course of their work as groomers for Puppy Pantry.

76.

Throughout the Relevant Time Period, Puppy Pantry controlled Plaintiffs' working hours.

77.

Throughout the Relevant Time Period, some of Puppy Pantry's customers scheduled appointments with Plaintiffs for grooming services via Puppy Pantry's online scheduling system.

78.

Throughout the Relevant Time Period, Defendants required that Plaintiffs be present at work by 9:00 a.m. on days that they were scheduled to work.

79.

Throughout the Relevant Time Period, Defendants required that Plaintiffs work some Saturdays.

80.

Throughout the Relevant Time Period, Defendants provided Plaintiffs with the majority of the tools, equipment and other materials necessary for Plaintiffs to

perform their jobs as groomers for Defendants including, but not limited to, the store facility, grooming tables, bathtubs, fans, dryers, and shampoos.

81.

Throughout the Relevant Time Period, Defendants hired bathers to assist Plaintiffs Terranova and Wake in the performance of their jobs as groomers for Defendants.

82.

Throughout the Relevant Time Period, Defendants also required that Plaintiffs perform other services including, working in their store, checking out customers, and promoting and selling products such as dog food that were sold to Puppy Pantry's customers.

83.

Throughout the Relevant Time Period, Defendants classified Plaintiffs as independent contractors.

84.

Throughout the Relevant Time Period, Defendants misclassified Plaintiffs as independent contractors.

85.

Defendants classified Plaintiffs as independent contractors to evade payroll taxes and to evade the FLSA's overtime premium requirement.

**(j) Additional Factual Allegations – Terranova**

86.

Throughout the Relevant Time Period, Defendants employed Terranova at their Buford, Georgia location.

87.

Throughout the Relevant Time Period, Defendants compensated Terranova on a commission-only basis.

88.

Throughout the Relevant Time Period, Defendants calculated Terranova's compensation at 50% of the grooming services she provided on behalf of Puppy Pantry's customers.

89.

Throughout the Relevant Time Period, Defendants scheduled Terranova to work at least five (5) days during each work week.

90.

Throughout the Relevant Time Period, Defendants scheduled Terranova to work 8.5 hours during most work days.

91.

Throughout the Relevant Time Period, Terranova usually worked at least 42.5 hours during each work week.

92.

Throughout the Relevant Time Period, Defendants were aware of the actual number of hours Terranova worked performing grooming services.

16

93.

Puppy Pantry failed to pay Terranova at one-and-one-half times her regular hourly rate for all hours she performed services as a groomer in excess of forty (40) hours during each work week.

94.

Throughout the Relevant Time Period, Defendants made deductions from Terranova's wages to cover the cost of Workers' Compensation insurance premiums.

95.

Puppy Pantry failed to pay Terranova $1,000.00 for work performed during her last week of employment constituting a material breach of the Contract.

**(k) Additional Factual Allegations – Wake**

96.

During approximately the first 3 years of her employment with Defendants from August 1, 2016 until 2019, Defendants employed Wake at their Flowery Branch, Braselton and Buford, Georgia locations.

97.

During approximately the last 2 years of her employment with Defendants from 2019 until the present date, Defendants have employed Wake at their Flowery Branch, Georgia location.

98.

Throughout the Relevant Time Period, Defendants compensated Wake on a commission-only basis.

99.

Throughout the Relevant Time Period, Defendants calculated Wake's compensation at 50% of the grooming services she provided on behalf of Puppy Pantry's customers.

100.

During all times relevant from August 2018 through approximately April 2021, Defendants scheduled Wake to work at least six (6) days during each work week.

101.

During all times relevant from approximately May 2021 through August 2021, Defendants scheduled Wake to work at least five (5) days during each work week.

102.

Throughout the Relevant Time Period, Defendants scheduled Wake to work 8-10 hours during most work days.

103.

Throughout the Relevant Time Period, Wake usually worked at least 40-60 hours during each work week.

104.

Throughout the Relevant Time Period, Defendants were aware of the actual number of hours Wake worked performing grooming services.

105.

Puppy Pantry failed to pay Wake at one-and-one-half times her regular hourly rate for all hours she performed services as a groomer in excess of forty (40) hours during each work week.

106.

Throughout the Relevant Time Period, Defendants made deductions from Wake's wages to cover the cost of Workers' Compensation insurance premiums.

**(l) Additional Factual Allegations – Davis**

107.

Throughout the Relevant Time Period, Defendants employed Davis at their Braselton, Georgia location.

108.

Throughout the Relevant Time Period, Defendants compensated Davis on a commission-only basis.

109.

Throughout the Relevant Time Period, Defendants calculated Davis' compensation at 50% of the grooming services she provided on behalf of Puppy Pantry's customers.

110.

During all times relevant from August 2018 through March 2020, Defendants scheduled Davis to work at least four (4) days during each work week.

111.

Throughout the Relevant Time Period, Defendants scheduled Davis to work 11.5 hours during most work days.

112.

Throughout the Relevant Time Period, Davis usually worked at least 46 hours during each work week.

113.

Throughout the Relevant Time Period, Defendants were aware of the actual number of hours Davis worked performing grooming services.

114.

Puppy Pantry failed to pay Davis at one-and-one-half times her regular hourly rate for all hours she performed services as a groomer in excess of forty (40) hours during each work week.

115.

Throughout the Relevant Time Period, Defendants made deductions from Davis' wages to cover the cost of Workers' Compensation insurance premiums.

(m)   **Allegations Common to all Plaintiffs**

116.

Throughout the Relevant Time Period, Defendants knew or should have known that Plaintiffs were entitled to FLSA overtime protections.

117.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Defendants compensate Plaintiffs at a rate of one–and–one–half times their regular rate for all time worked in excess of forty (40) hours in a work week.

118.

Throughout the Relevant Time Period, Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants pay Plaintiffs a premium for all hours worked above forty (40) hours in a given workweek.

119.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion of their earnings in commission each week.

120.

29 C.F.R. § 778.118 requires that the sum total of the commission earned and other earnings be divided by the total hours worked in order to determine the regular hourly rate.

121.

During the Relevant Time Period, Defendants failed to calculate a regular rate for Plaintiffs by dividing the sum total of the commissions they earned and other earnings by the total hours worked.

122.

29 C.F.R. § 778.118 further requires that "(t)he employee must be paid extra compensation at one-half that rate for each hour worked in excess of" forty hours per week.

123.

Throughout the Relevant Time Period, Defendants failed to compensate Plaintiffs at one-half their regular rate for each hour worked in excess of forty hours in each workweek.

124.

Throughout the Relevant Time Period, Defendants willfully failed to compensate Plaintiffs at one-half their regular rate for each hour worked in excess of forty hours in each workweek.

125.

Throughout the Relevant Time Period, Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants compensate Plaintiffs a premium for all time worked in excess of forty hours in a workweek.

126.

Throughout the Relevant Time Period, Plaintiffs regularly worked more than forty (40) hours during each workweek.

127.

Throughout the Relevant Time Period, Plaintiffs were not provided with a break of thirty (30) minutes or more during each work day during which time they were free from all work responsibilities.

128.

Throughout the Relevant Time Period, Defendants failed to pay Plaintiffs at one-and-one-half times their regular rate for time worked in excess of forty (40) hours in any and all workweeks.

129.

Throughout the Relevant Time Period, Defendants made unlawful deductions from Plaintiffs wages to cover the cost of Workers' Compensation insurance premiums.

## COUNT I - FAILURE TO PAY OVERTIME

### 130.

The allegations contained in paragraphs 1-129 above are incorporated by reference.

### 131.

Throughout the Relevant Time Period, Plaintiffs have been employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

### 132.

Throughout the Relevant Time Period, Plaintiffs regularly worked in Defendants' employ in excess of forty (40) hours during each work week.

### 133.

Throughout the Relevant Time Period, Defendants failed to pay Plaintiffs at one-and-one-half times their regular rates for time worked in excess of forty (40) hours during each work week.

### 134.

Throughout the Relevant Time Period, Defendants willfully failed to pay Plaintiffs at one–and–one–half times their regular rates for work in excess of forty (40) hours in any week during the period from August 2018 through August 2021.

### 135.

Plaintiffs are entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## 136.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## 137.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to their litigation costs, including their reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – UNLAWFUL DEDUCTIONS FROM PLAINTIFFS' EARNINGS IN ORDER TO PAY THE COST OF WORKERS' COMPENSATION INSURANCE PREMIUMS

## 138.

The allegations in all previous paragraphs above are incorporated by reference.

## 139.

Plaintiffs did not have the right to exercise control over the time, manner and method of the work to be performed while working as groomers for Defendants.

## 140.

Defendants paid Plaintiffs on a commission-only basis.

## 141.

At all times material hereto, Puppy Pantry routinely deducted a portion of Plaintiffs' earnings in order to cover the cost of Workers' Compensation insurance.

142.

At all times material hereto, Puppy Pantry deducted a portion of Plaintiffs' earnings during each pay period in order to cover the cost of Workers' Compensation insurance premiums.

143.

At all times material hereto, Puppy Pantry deducted 10% of Plaintiffs' earnings during each pay period in order to cover the cost of Workers' Compensation insurance premiums.

144.

Deducting funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums is a violation of O.C.G.A. 34-9-121(a).

145.

Deducting funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums is contrary to the public policy of the State of Georgia.

146.

It is unlawful to make deductions from an employee's earnings in order to pay the cost of Workers' Compensation insurance.

147.

Puppy Pantry is liable to Plaintiff for the funds they unlawfully deducted from Plaintiffs' earnings in order to pay Workers' Compensation insurance premiums in an amount to be determined at trial.

148.

Puppy Pantry is liable to Plaintiffs for their costs of litigation, including their reasonable attorneys' fees, to recover said unlawful deductions.

## COUNT III - BREACH OF CONTRACT AS TO PLAINTIFF TERRANOVA

149.

The allegations in paragraphs 1-129 above are incorporated by reference.

150.

Terranova and Puppy Pantry were parties to a contract of employment (hereafter "the Contract") from on or about December 2015 through July 24, 2021.

151.

The Contract provided that Puppy Pantry would pay Terranova for work that was performed by Terranova on behalf of and for the benefit of Puppy Pantry.

152.

Puppy Pantry's deduction of $1,000 from Terranova's wages during her last week of employment constitutes a material breach of the Contract.

153.

As the direct and foreseeable result of this breach, Terranova has sustained damages of $1,000.00.

WHEREFORE, Plaintiffs respectfully pray:

1. That their claims be tried before a jury;

2. That they be awarded due but unpaid overtime compensation in amounts to be determined at trial against Defendants, jointly and severally;

3. That they be awarded additional like amounts in liquidated damages; against Defendants, jointly and severally;

4. That Plaintiffs be awarded an amount to be determined at trial against Puppy Pantry for the funds it unlawfully deducted from Plaintiffs' earnings in order to pay the cost of Workers' Compensation insurance premiums;

5. That Plaintiff Terranova be awarded damages of $1,000.00 against Defendant Puppy Pantry in Breach of Contract damages herein asserted in Count III;

6. That they be awarded their costs of litigation, including their reasonable attorneys' fees from Defendants, jointly and severally;

7. That they be awarded nominal damages; and

8. For such other and further relief as the Court deems just and proper.

    Respectfully submitted,

|  |  |
|---|---|
| | **DELONG CALDWELL BRIDGERS** |
| 101 MARIETTA STREET | **FITZPATRICK & BENJAMIN, LLC** |
| SUITE 2650 | |
| ATLANTA, GEORGIA 30303 | */S/ KEVIN D. FITZPATRICK, JR.* |
| (404) 979-3150 | KEVIN D. FITZPATRICK, JR. |
| (404) 979-3170 (f) | GA. BAR NO. 262375 |
| charlesbridgers@dcbflegal.com | */S/CHARLES R. BRIDGERS* |
| kevin.fitzpatrick@dcbflegal.com | CHARLES R. BRIDGERS |
| | GA. BAR NO. 080791 |